**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

|  |  |  |
|---|---|---|
| John T. KEMP, | : | |
| | : | |
| Plaintiff, | : | Civil No. 17-314 (RBK) |
| | : | |
| v. | : | **Opinion** |
| | : | |
| SELECT PORTFOLIO | : | |
| SERVICING, INC., et al., | : | |
| | : | |
| Defendant(s). | : | |
| | : | |

**KUGLER**, United States District Judge:

This matter comes before the Court on the Complaint of Plaintiff John T. Kemp, *pro se*,

against Defendants Select Portfolio Servicing, Inc. ("SPS"), JPMorgan Chase, N.A. ("Chase"),

U.S. Bank, N.A. ("U.S. Bank"), LaSalle Bank, N.A. ("LaSalle Bank"), MERS, Inc. ("MERS"),

and Does 1 to 100 (collectively, "Defendants"), asserting claims in connection with a mortgage

on a foreclosed residential property. Currently before the Court are three Motions to Dismiss

brought by Defendants pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Doc.

Nos. 5, 22, 27). For the reasons expressed below, the Motions to Dismiss are **GRANTED**.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On November 18, 2004, Plaintiff entered into a mortgage agreement with MERS for a

residential property at 120 Chestnut Street, Audubon, New Jersey. *See* Compl. 5; Final

Judgment, *LaSalle Bank Nat'l Ass'n v. Kemp*, No. F-10058-07 (N.J. Super. Ct. Ch. Div. Feb. 6,

2008). The mortgage was assigned to LaSalle Bank. *See* Complaint in Foreclosure, *LaSalle

Bank*, No. F-10058-07 (N.J. Super. Ct. Ch. Div. Apr. 16, 2007). On April 16, 2007, LaSalle

Bank filed a foreclosure complaint against Plaintiff in the Superior Court of New Jersey,

Camden County, and the court subsequently entered a default judgment of foreclosure on

February 6, 2008. *Id.*; Final Judgment, *LaSalle Bank*, No. F-10058-07 (N.J. Super. Ct. Ch. Div.

Feb. 6, 2008).

Following the foreclosure proceeding, Plaintiff filed two petitions for Chapter 13

bankruptcy in the United States Bankruptcy Court for the District of New Jersey on May 9, 2008

and September 26, 2014. *See* Voluntary Petition, *Kemp v. Chase Home Fin. LLC*, No. 08-18700-

ABA (Bankr. D.N.J. May 9, 2008); Voluntary Petition, *Kemp v. JPMorgan Chase Bank NA*, No.

14-29673-ABA (Bankr. D.N.J. Oct. 16, 2014). As part of the proceedings, Plaintiff also brought

two adversary complaints against Chase as servicer of the loan challenging the validity of the

lien; the bankruptcy court, however, dismissed both actions. *See* Order to Close Case, *Kemp v.*

*Chase Home Fin. LLC*, No. 08-2447-JHW (Bankr. D.N.J. Aug. 19, 2009); Notice of Judgment or

Order, *Kemp v. JPMorgan Chase Bank, NA*, No. 15-2177-ABA (Bankr. D.N.J. Aug. 15, 2016).

On February 28, 2014, LaSalle assigned the final judgment in foreclosure to U.S. Bank.

Assignment of Judgment, *LaSalle Bank*, No. F-10058-07 (N.J. Super. Ct. Ch. Div. Feb. 28,

2014).

On January 16, 2017, Plaintiff filed the instant Complaint (Doc. No. 1). On February 24,

2017, April 12, 2017, and April 24, 2017, SPS, Chase, and MERS and U.S. Bank respectively

brought Motions to Dismiss that are presently before the Court (Doc. Nos. 5, 22, 27). The

Motions are unopposed. On March 17, 2017, Plaintiff submitted a letter seeking leave to amend

the Complaint (Doc. No. 10), and on March 28, 2017, Magistrate Judge Joel Schneider directed

Plaintiff to bring a motion to amend with a proposed complaint attached (Doc. No. 17). To this

date, Plaintiff has yet to file an amended complaint.

## II.  LEGAL STANDARD

Defendants move to dismiss Plaintiffs' complaint for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Rule 12(b)(6). "When a motion under Rule 12 is based on more than one ground, the court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot." In re *Corestates Trust Fee Litig.*, 837 F. Supp. 104, 105 (E.D. Pa. 1993).

A district court may treat a party's motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) as either a facial or factual challenge to the court's jurisdiction. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). While a court must limit its consideration of a facial challenge to the contents of the complaint itself, read in the light most favorable to the plaintiff, it may consider evidence outside the pleadings when reviewing a factual challenge. *Id.* Although courts generally treat a pre-answer motion under Rule 12(b)(1) as a facial challenge, *see Cardio-Med. Assoc., Ltd. v. Crozer-Chester Med. Ctr.*, 721 F.2d 68, 75 (3d Cir. 1983), "a facially sufficient complaint may be dismissed before an answer is served if it can be shown by affidavits that subject matter jurisdiction is lacking." *Berardi v. Swanson Mem'l Lodge No. 48 of Fraternal Order of Police*, 920 F.2d 198, 200 (3d Cir. 1990)). When a defendant raises a factual challenge to jurisdiction, the plaintiff bears the burden of establishing jurisdiction. *Gould Elecs. Inc.*, 220 F.3d at 178. A district court has "substantial authority" to "weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). "[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.*

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the non-moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims." In re *Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002). While "detailed factual allegations" are not necessary, a "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Because Plaintiff is proceeding *pro se*, the Court must construe his pleading liberally. *See United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007).

## III.   DISCUSSION

### A.  Rule 12(b)(1) — *Rooker-Feldman*

Chase moves to dismiss the Complaint for lack of subject-matter jurisdiction based on the *Rooker-Feldman* doctrine.[1] The Supreme Court decisions in *Rooker v. Fidelity Trust Co.*, 263

---

[1] SPS, MERS, and U.S. Bank also allege that Plaintiff has failed to properly plead that the parties are completely diverse. SPS's Br. 3; MERS & U.S. Bank's Br. 3. However, Plaintiff provided addresses for each Defendant in his form complaint, which indicate that the parties are

U.S. 413 (1923) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983) established the

basic principle that a federal district court cannot exercise jurisdiction if it would result in

"overturn[ing] an injurious state-court judgment." *Exxon Mobil Corp. v. Saudi Basic Indus.*

*Corp.*, 544 U.S. 280, 292 (2005). In the Third Circuit, the *Rooker-Feldman* doctrine divests a

district court of jurisdiction when: "(1) the federal plaintiff lost in state court; (2) the plaintiff

complains of injuries caused by the state-court judgments; (3) those judgments were rendered

before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and

reject the state judgments." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615

F.3d 159, 166 (3d Cir. 2010) (internal quotation marks omitted) (quoting *Exxon Mobil*, 544 U.S.

at 284). The Third Circuit emphasizes that the second prong does not bar injuries that predate or

are merely ratified by a state court judgment, rather than result from the judgment itself. *Id.* at

167. In general, *Rooker-Feldman* "is a narrow doctrine that applies only in limited

circumstances," and a federal court may have jurisdiction over a claim which is nonetheless

precluded by a previous state court judgment. *Id.* at 169–70 (internal quotation marks omitted)

(quoting *Lance v. Dennis*, 546 U.S. 459, 464–66 (2006)).

     Courts in this District have declined to exercise jurisdiction over matters that directly

challenge a state foreclosure decision. *See, e.g.*, *Hua v. PHH Mortg. & Phelan Hallinan &*

*Diamond*, No. Civ. 14-7821 (JBS/AMD), 2015 WL 5722610, at *6 n.9 (D.N.J. Sept. 29, 2015);

*Willoughby v. Zucker, Goldberg & Ackerman, LLC*, No. Civ. 13-7062 (FSH), 2014 WL

2711177, at *4 (D.N.J. June 16, 2014). *Rooker-Feldman*, however, does not bar every federal

claim that might undermine a state foreclosure decision, such as a claim that a defendant

committed fraud or misrepresentation before or during foreclosure. *See, e.g.*, *Conklin v. Anthou*,

---

completely diverse. Construed liberally, this pleading is sufficient to overcome Defendants'
facial challenge.

495 F. App'x 257, 262 (3d Cir. 2012); *Gray v. Martinez*, 465 F. App'x 86, 89 (3d Cir. 2012).

Such claims are allowed to the extent that they do not directly seek review of the state

foreclosure proceeding. *See Gage v. Wells Fargo Bank, NA AS*, 521 F. App'x 49, 51 (3d Cir.

2013) (holding that a plaintiff asking to have a foreclosure proceeding overturned "cannot evade

*Rooker-Feldman*" by asserting on appeal that his injuries resulted from the defendant's alleged

fraud).

Here, the Complaint appears in part to challenge the foreclosure judgment obtained in

New Jersey state court, as it asserts that Defendants "have no legal right, title, or interest" in the

property. Plaintiff lost the foreclosure proceeding in February 2008, prior to his filing of this case

in federal court. Thus, to the extent that Plaintiff seeks to have this Court nullify Defendants' title

to the property, the claim is barred under *Rooker-Feldman*. However, Plaintiff also seeks

monetary damages for Defendants' allegedly fraudulent or negligent conduct. Because these

claims may complain of harm that predates or arises separately from the New Jersey foreclosure

judgment, they are not dismissed under the *Rooker-Feldman* doctrine.

### B. Rule 12(b)(6)

The remaining claims appear to sound in fraud, negligence, and violations of the United

States Constitution. Federal Rule of Civil Procedure 9(b) imposes a heightened pleading standard

on plaintiffs alleging fraud, requiring that "the circumstances constituting fraud . . . [must] be

stated with particularity." The Third Circuit has stated that "to satisfy Rule 9(b), plaintiffs must

plead with particularity the circumstances of the alleged fraud by pleading the date, place or time

of the fraud, or through alternative means of injecting precision and some measure of

substantiation into their allegations of fraud." *Lum v. Bank of Am.*, 361 F.3d 217, 223–24 (3d Cir.

2004) (internal quotation marks omitted)*, abrogated in part on other grounds by Twombly*, 550

U.S. at 557. "Plaintiffs also must allege who made a misrepresentation to whom and the general content of the misrepresentation." *Id.* at 224. In this case, the Complaint fails to satisfy Rule 9(b) as it does not specify even a general date, time, or place for the alleged fraudulent conduct or clarify which Defendants are responsible for what conduct. *See Eli Lilly and Co. v. Roussel Corp.*, 23 F. Supp. 2d 460, 492 (D.N.J. 1998) ("Rule 9(b) is not satisfied where the complaint vaguely attributes the alleged fraudulent statements to 'defendants.'" (citations omitted)). Thus, the fraud claim fails to satisfy the strictures of Rule 9(b).

The remaining assertions involving negligence and United States Constitution are not sufficiently pleaded under Rule 12(b)(6). Plaintiff offers no supporting facts and furnishes merely a conclusory statement that Defendants violated proper mortgage procedures. As such, the Court dismisses these claims without prejudice.

## IV.     CONCLUSION

For the foregoing reasons, SPS's, Chase's, and MERS and U.S. Bank's Motions to Dismiss are **GRANTED**.

Dated:     7/6/2017          s/ Robert B. Kugler

ROBERT B. KUGLER

United State District Judge